NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**LYNDA DE SAN JUAN RESUMADERO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

———————————

2025-1361

———————————

Petition for review of the Merit Systems Protection Board in No. SF-0831-22-0093-I-1.

———————————

Decided:  January 12, 2026

———————————

LYNDA DE SAN JUAN RESUMADERO, San Narciso, Zambales, Philippines, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY, BRETT SHUMATE.

———————————

Before PROST, CHEN, and STARK, *Circuit Judges.*

PER CURIAM.

Lynda de San Juan Resumadero appeals a decision by the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM's) finding that she is not entitled to a Civil Service Retirement System (CSRS) survivor annuity. *See Resumadero v. Off. of Pers. Mgmt.*, No. SF-0831-22-0093-I-1, 2024 WL 2050076, at *1 (M.S.P.B. May 7, 2024) (*Final Order*). For the following reasons, we *dismiss* the appeal as untimely.

## BACKGROUND

Ms. Resumadero applied for survivor annuity benefits under CSRS based on her late husband's federal service in civilian positions with the U.S. Navy in the Philippines from approximately 1946–48 and 1960–82. The full Board concluded that Ms. Resumadero's late husband, Pedro Resumadero, did not qualify for a CSRS annuity because he did not hold a Federal government position covered by CSRS during his final two years of service, and consequently, that Ms. Resumadero was not entitled to a CSRS survivor annuity. *Final Order*, 2024 WL 2050076, at *4–5.

The Board issued its Final Order on May 7, 2024. *Id.* at *1. The clerk of court received Ms. Resumadero's petition for review on January 8, 2025. *See* ECF No. 1 at 5. This Court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, the government contends that Ms. Resumadero's petition for judicial review is untimely because it was received more than 60 days after the Board issued its final decision. Informal Response Br. at 17–20. Ms. Resumadero does not respond to this argument. *See generally* Informal Reply Br. (addressing only the merits, not the petition's timeliness).

We agree with the government that the petition is untimely. This Court has jurisdiction to review "an appeal

from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9). Under § 7703(b)(1), "any petition for review shall be filed *within 60 days* after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A) (emphasis added). A petition for review is considered filed on the date it is received by the clerk of court. *Pinat v. Off. of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991); *see also* Fed. R. App. P. 25(a)(2)(A)(i).

Ms. Resumadero's petition was received on January 8, 2025—over eight months after the Board issued its Final Order on May 7, 2024—well past the 60-day deadline. Accordingly, the petition is untimely.

While the Supreme Court has explained that "§ 7703(b)(1)'s deadline is non-jurisdictional," and that "nonjurisdictional [timing rules] are presumptively subject to equitable tolling," *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024) (alteration in original), Ms. Resumadero has not addressed the untimeliness of her petition, let alone demonstrated that extraordinary circumstances stood in her way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (litigant seeking equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). Thus, even assuming equitable tolling were available in § 7703(b)(1) cases,[1]

---

[1]    The government argues that § 7703(b)(1) is not subject to equitable tolling even if the time limit is not considered jurisdictional. *See* Informal Response Br. 17–19 (citing *Oja v. Dep't of the Army*, 405 F.3d 1349, 1357–60 (Fed. Cir. 2005)). Because the outcome of this case does not turn on the availability of equitable tolling in § 7703(b)(1)

RESUMADERO v. OPM

Ms. Resumadero has not shown that equitable tolling applies here.

CONCLUSION

For the foregoing reasons, we *dismiss* Ms. Resumadero's appeal as untimely and do not reach the merits.

**DISMISSED**

COSTS

No costs.

---

cases generally, we express no opinion on that question here.